Judge Underwood,
delivered tho opinion of the court.
Will Barnett employed Dunwidie to take a drove of hogs to the south in the fill of 1827, and to make sales &c. On the 8th of April, 1828, Barnett transferred his claim for the proceeds of the sales of the hogs, to tiis son-in-law, Kerley, who fiied this bill against Dunwidie for an account &c.
Dunwidie resists a recovery upon two grounds; 1st, that a court of chancery had no jurisdiction; and 2d, that he holds, as assignee, two notes against Barnett, which should be set off against so much of the demand of Kerley derived from Barnett.
Upon the first point, we are of opinion, that the court had jurisdiction. Keriey’s wasan equitable demand. The nature of the business which Dunwidie had transacted for Barnett, rendered an application to the chancellor very proper. Indeed, justice could only have been administered at random, unlés Dun- *502 widie furnished a full account of his transactions. A'. court of chancery was the proper tribunal to coerce to do it. A suit at law in the name of Barnett, for the use of Kerley, might, and probably would have ^eon an inadequate remedy, and wherever the rem-. edy at law is insufficient to administer complete justice, we perceive no objection in resorting toa court of chancery. We do not look upon the settlement-made and the striking of the balance against Dun-widie to be of such a character, as to oust the chancellor of jurisdiction. Were it conceded that an action of assumpsit might be maintained for the balance-sostruck in the name of Barnett for Kerley’s use, still as j[le Cilse was originally cognizable in chancery, and as Fifties broke off and did not ratify the settlement by paying or securing the balance struck, according to the agreement entered into; we see no cai,:!e to decide against the jurisdiction of a comí of equity.
Case being originally cognizable in chancery, nltho’ the partios have struck a balance, yet as the parties broke off and the settlement by paying or securing the sn-lic'ke¡iccor-dins; to the pmensiTintn, decided, that not oaueclof itsjurbdic-ti.m of the case.
Joirt nn-1 sev b^s-t off" puns the'sep-érate claims of either obligor,
Upon the second point, we think the court erred, The note held by Dunwidie, as assignee, on Barnett anc^ ^°^erí; Dunwidie. his surety, ought to have been allowed as a set-off. The circuit court disallowed it upon the ground that the debt against Barnett and R. Dunwidie was joint, and that there was an adequate remedy at law, to make the amount out of R. Dun-widie, notwithstanding the insolvency of Barnett. It is admitted that the law, as laid down in Bibb adm’r. of Crittenden vs. Sanders, II. Bibb, 87, maintains the rule that “a joint debt cannot he setoff against a sep-erate demand, nor a seperate demand-against a joint one.’’ We do not intend to disturb this rule. But ln *^'s ca?e miisl rema,'kecb that the note on Barnett and R. Dunwidie was both joint and several, Being the several note of the obligors it could be sued on seperately, and a seperate judgment obtained against each of them. The circumstance of making it the seperate note of each obligor upon its face, renders it, in all legal points of view, as much a valid set off against each, by way of defence to an action, as it is a good foundation on which to maintain a sep-erate action against each. This note, therefore, having passed into the hands of the plaintiff in error before notice of the transfer of Barnett’s claim to Ker-ley, ought to have been allowed as a set-off. We can* *503 siot allow the note held by the plaintiff in error as assignee of Washington Barnett. The assignment of this note bears date previous to the transfer to ley, hut the plaintiff in error admits, in his answer, that it was not actually assigned until subsequent to that transfer, although he insists it was assigned to him on the day before he had notice of the transfer. His admission has destroyed the effect of the presumption resulting from the date of the assignment. That part of his answer which insists that the assignment was made to him on the 21st of the month, the day before he had notice of the transfer, was affirmative, and ought to have been proven. It was not.— Therefore this claim is not allowed.
Caperlon, for plaintiff; Turner, for defendent.
The decree of the circuit court is reversed, and the cause remanded, with directions to enter a decree not inconsistent with this opinion. The plainliffin error must recover his costs.